Agueda G. **ROBERTO**, by her guardian Jose T. Gutierrez, Plaintiff-Appellant,

v.

Joseph Ray **ROBERTO** and Vicente Lizama Aguon, Defendants-Appellees.

No. 26258.

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1971.

Kilkenny, Circuit Judge, dissented and filed opinion.

John J. Carniato, (argued), of Bohn & Carniato, Walnut Creek., Cal., John C. Dierking, Jr., of Arriola, Bohn & Dierking, Agana, Guam, for plaintiff-appellant.

Ramon V. Diaz (argued), Agana, Guam, Howard G. Trapp (argued), of Trapp & Gayle, Agana, Guam, for defendants-appellees.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

PER CURIAM:

Agueda Roberto brought this suit to cancel a deed. In her complaint she alleged that she was incompetent at the time of its signing, that she signed because the grantee exerted undue influence over her, and that the transfer lacked consideration. The District Court, sitting without a jury, resolved all the issues against her and entered judgment dismissing the action. She appeals, and we affirm.

Appellant's attack on the sufficiency of the evidence to support the findings must fail. The record reveals conflicting testimony on the material issues, and we cannot conclude that the trial court's factual resolutions of them were clearly erroneous. [1]

Nor does Appellant's remaining contention have merit. Appellant was bound by her agreement, reflected in the pretrial order, with respect to the scope of her examination of the defendants as adverse witnesses. Although Rule 16, F.R.Civ.P., provides that a pretrial order may be "modified at the trial to prevent manifest injustice," Appellant did not attempt at trial to invoke that proviso. Moreover, Appellant testified at length concerning the matters about which she had unsuccessfully sought to interrogate the defendants.

The judgment is affirmed.

KILKENNY (dissenting):

Appellant, a person of weak mind, transferred property worth $50,000.00 to her illegitimate nephew, appellee Roberto, for a consideration, at best, of performance of mere household chores. At the time a highly personal and confidential relationship existed between appellant and appellee. He lived in one of her houses and was her handy man and confidant after her husband's death. In these circumstances, the activity of appellee in arranging for the preparation and signing of the deed cast upon him the burden of proving a full, fair and adequate consideration and, also, the absence of undue influence. It is obvious that the lower court did not follow, or for that matter recognize, this rule of law. I would reverse.

[1]. Appellant also urges that the court, in reaching its conclusion, erroneously applied Sec. 39 of the Civil Code of Guam—the statute providing for rescission of instruments—instead of Sec. 3412 of the Code—the provision dealing with their cancellation. We need not decide whether the court erred, for it made findings which show that appellant is not entitled to recover under either statute.